Ross *v.* Hole.

---

LEWIS W. ROSS, Plaintiff in Error, *v.* JAMES H. HOLE, Defendant in Error.

### ERROR TO MASON.

The certificate of a county clerk, showing that A. B. was not a justice of the peace, at the date of an acknowledgment, purporting to have been taken by him, is some though not conclusive evidence of such fact.

A deed may be valid though not recorded; and may be offered as proof in ejectment; and then the fact of knowledge of its existence, may be brought home to subsequent purchasers, as touching their good faith, and the duty of making inquiries as connected with them.

THIS was an action of ejectment, commenced by Ross at the May term of the Mason Circuit Court, A. D. 1856, for the recovery of town lot No. 4, in block No. 19, in the town of Havana, in said county.

At the October term, 1861, the cause was tried before HARRIOT, Judge, and a jury, and on the trial of the cause the plaintiff offered and read in evidence,

1. A patent from the United States to Ossian M. Ross, for the tract of land on which the said town of Havana is situated, dated December 8, 1827.

2. A plat of the town of Havana, laid off, executed and acknowledged by Ossian M. Ross, on said land, dated June 2, 1835.

3. A will from Ossian M. Ross to Lewis W. Ross, Harriett M. Ross, Harvey L. Ross, Lucinda C. Ross, Leonard F. Ross,

and Pike C. Ross, dated January 19, 1837, and admitted to probate, February 3, 1837, bequeathing all his real and personal estate to the above named heirs.

4. A deed from the heirs of Ossian M. Ross to the plaintiff, dated April 16, 1845.

Which said deed and evidences of title were permitted by the court to be read to the jury.

The defendant offered in evidence a deed from Ossian M. Ross and wife, to Joshua Aiken and Robert E. Little, for sundry town lots in Havana, including the lot in controversy, purporting to have been acknowledged before Eli Fisk, a justice of the peace of Tazewell county, in 1836. The plaintiff objected to the reading of said deed in evidence, and offered a certificate from the clerk of the County Court of Tazewell county, dated November 2, 1859, under the seal of the said court, certifying that "there was no such justice of the peace in Tazewell county, in 1836, as Eli Fisk, as appears from the files and records in my office, after a full and careful examination." But the court overruled said objection, and permitted the deed to be read to the jury.

The plaintiff then stated, that inasmuch as the last deed vested the title by decision of the court, in Joshua Aiken and Robert E. Little, the plaintiffs in one count in the declaration, he would also rest the case on his part.

The plaintiff then offered in evidence a deed from Clarissa P. Little and George W. Little, to Lewis W. Ross, dated December 2, 1847, commissioner appointed by the Circuit Court of Peoria county, to sell and convey the title in and to said lot of Joshua Aiken and Robert E. Little; also, a certified copy of the record from Peoria county, a certificate of magistracy, and an agreement of Walker and Conwell, attorneys for Hole, the defendant, were offered in connection with said deed; which said deed and other evidence offered therewith, were admitted by the court, and vested the title to said lot in said Ross.

The plaintiff then offered in evidence a deed from Clarissa P. Little and Henry A. Little, to Lewis W. Ross, for the lot in controversy, dated June, 1852, together with the certificate thereto attached, the affidavit of Theodore Tarlton, and the agreement of defendant's attorneys thereto attached; to the reading of which deed, affidavit, and agreement, the defendant objected, and the court sustained such objection.

The defendant then read in evidence a deed from Lewis W. Ross and wife to R. S. Patterson, for said lot, dated December 15, 1851. The defendant then offered in evidence a deed from R. S. Patterson and wife, to William Walker and S. C. Con-

well, the defendant's attorneys in this case, dated May 1, 1861; to the reading of which deed in evidence the plaintiff objected, but the court overruled said objection, and permitted the same to be read to the jury.

The plaintiff then offered in evidence a deed and certificate of acknowledgment from R. S. Patterson and wife to Lewis W. Ross, for the lot in controversy, dated March 15, 1852, and also, in connection with said deed, the plaintiff had C. J. Dilworth sworn as witness, who testified that he was well acquainted with R. S. Patterson and his handwriting, that he had frequently seen him write, and that the signature to the said deed is in the proper handwriting of the said R. S. Patterson.

And it was then and there agreed, between the parties in the case, (to save the trouble of taking testimony on that point that Wm. Walker and S. C. Conwell (to whom said deed from R. S. Patterson and wife purported to be made) were the attorneys for defendant in this ejectment suit, and filed the plea in this case, and that they knew on the first day of May, 1861, at the time the deed was read in evidence, from R. S. Patterson and wife to said Walker and Conwell, that L. W. Ross, the plaintiff in this suit, claimed the said lot in controversy, and was prosecuting an ejectment suit in this court for the recovery of the same. And the said defendant objected to the reading of said deed to the jury, for the reason that it had not been recorded, and the court sustained such objection, and would not permit the said plaintiff to read the said deed to the jury.

The court then, at the request of the defendant, gave the jury the following instruction, to wit: "The court instructs the jury that if the defendant has proved title to lot 4, in block 19, in Walker and Conwell, the jury will find the defendant not guilty."

The jury retired, and returned a verdict in favor of the defendant.

The plaintiff now prosecutes his writ of error to this court.

LEWIS W. ROSS, *pro se.*

W. WALKER, for Defendant in Error.

CATON, C. J. There are several errors in this record, for which the judgment must be reversed. In the first place, we think it was competent to show by the certificate of the county clerk, the state of the county records, for the purpose of proving that Fisk, before whom the acknowledgment of

the deed was taken, was not, at the time the acknowledgment purported to have been taken, a justice of the peace. It seems to us as competent to make it appear by the certificate of the county clerk that his records show that there was no such justice in the county at the time, as that a particular person was at a particular time a justice of the peace. Such certificate would not establish, conclusively, that Fisk was not a justice, but it was competent evidence, as tending to show that fact. He may have been a justice *de facto*, although there was not any record of his commission. This certificate should have been admitted.

We shall pass over some other errors in the record, which will not be likely to arise on another trial; and consider the exception taken to the decision of the court in refusing to permit the plaintiff to introduce in evidence, the deed from Patterson and wife to L. W. Ross, dated the 15th of March, 1852. The execution of this deed had been proved, but it had never been recorded. The defendant's attorneys, Walker and Conwell, had, for the purpose of proving title in themselves and consequently out of the plaintiff, introduced a deed from Patterson and wife, executed in 1861. The defendant objected to the reading of the deed in evidence which was offered by the plaintiff, on the ground that it had not been recorded, and the court sustained the objection. In this the court undoubtedly erred. The recording could have no possible effect upon its validity. The recording laws might postpone it in favor of subsequent *bona fide* purchasers, but the deed was nevertheless valid. It should have been admitted in evidence, and then the question would have been fairly open to controversy, whether the subsequent purchasers had, before they purchased, such notice of the plaintiff's claim of title to the lot, as made it incumbent on them, in good faith, to have inquired of him what title he had.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*