JAMES PEASE

*v.*

THE L. FISH FURNITURE COMPANY.

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

1. MORTGAGES—*mortgage to secure price of furniture need not be jointly executed by husband and wife.* A husband or wife may lawfully purchase furniture or goods for household purposes and individually execute a chattel mortgage thereon at the time, to secure the price. (*Mantonya* v. *Emerich Outfitting Co.* 172 Ill. 92, followed.)

2. SAME—*object of justice's docket entry of a chattel mortgage.* The object of the statute requiring the entry of a chattel mortgage on the justice's docket is to give notice to parties who prefer to examine the docket rather than the county records.

3. SAME—*effect of justice's mistake in copying mortgagee's name.* A mistake by a justice of the peace in copying on his docket the name of a mortgagee as "L. Fish" instead of "L. Fish Furniture Company" does not invalidate the mortgage, as against third parties, where the mortgage itself is in proper form and correctly recorded.

4. SAME—*mortgagee should not be prejudiced by justice's mistakes.* A mortgagee, having no control over the justice of the peace, should not be prejudiced by the mistakes of the latter in making the entries on his docket, where the mortgage is in proper form and placed on record.

*Pease* v. *L. Fish Furniture Co.* 70 Ill. App. 138, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

This was an action of replevin brought by the L. Fish Furniture Company, against James Pease, sheriff of Cook county, to recover certain furniture fully described in the affidavit upon which the action was brought. The declaration was in the usual form, to which the defendant pleaded *non cepit, non detinet* and one other plea, in which he alleged that on the sixth day of February, 1895, one Hayes recovered a judgment in the circuit court of Cook county against Abby Pinkston for $558.75, upon which execution was issued and placed in his hands as sheriff,

commanding him to make said sum of money, costs and interest out of the property of said Abby Pinkston; that under and by virtue of said execution he took the goods and chattels described in plaintiff's declaration, as the property of Abby Pinkston; that the property taken was the property of Abby Pinkston, and not the property of the plaintiff. To the defendant's pleas the plaintiff filed replications, and on a trial before a jury the court instructed the jury to return a verdict in favor of the plaintiff, which they did, and the court entered judgment on the verdict. The defendant appealed to the Appellate Court, which affirmed the judgment but granted a certificate of importance.

S. W. McCASLIN, and CLIFFORD & MORE, for plaintiff in error.

HOFHEIMER & PFLAUM, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

There is no controversy in regard to the facts in this case. The plaintiff in error claims the right to hold the property under an execution against Abby Pinkston, while, on the other hand, the defendant in error, the L. Fish Furniture Company, claims the property under two chattel mortgages executed by Abby Pinkston, which were acknowledged and recorded prior to the time the execution was issued and delivered to the sheriff.

It appeared from the evidence that the L. Fish Furniture Company was a dealer in furniture on what is called the "installment plan," and on the 12th day of September, 1894, sold the furniture in controversy to Abby Pinkston. While the goods were still in the possession and place of business of the defendant in error, and to secure the purchase price, Abby Pinkston made, executed, acknowledged and delivered to defendant in error two sets of promissory notes and two chattel mortgages, which were duly recorded. It is, however, contended by plain-

tiff in error, first, that the property sought to be covered by the mortgages, and by each of. them, is "household goods," and the husband of the mortgagor did not join in the mortgages; and second, that there was no entry of these mortgages, or either of them, upon the docket of Justice Lyon; that for these reasons the mortgages constituted no lien upon the property, and the superior court therefore erred in directing a verdict for the plaintiff.

In regard to the first question, it was expressly decided in *Mantonya* v. *Emerich Outfitting Co.* 172 Ill. 92, that a husband or wife may lawfully purchase furniture or goods for household purposes and individually execute a valid mortgage upon the property to secure the purchase price, as was done in the present case. As that case is conclusive of the question raised, and as our views are there fully expressed, it will not be necessary to enter into any further discussion of the question.

In regard to the second point relied upon by plaintiff in error, upon examination of the evidence it will be found that the justice before whom the mortgages were acknowledged did make an entry of the mortgages upon his docket, but it is claimed in the argument that the entry made was insufficient. The chattel mortgage record of Justice Lyon showed the following entry, viz.:

"Mrs. Abby Pinkston          Chattel Mortgage.
        to                   Dated Sept. 12, 1894.
    L. Fish.                 Consideration $600.
                             Ack'd and ent'd Sept. 14, 1894."

A description of the property embraced in the mortgage follows. The other entry is as follows:

"Mrs. Abby Pinkston          Chattel Mortgage.
        to                   Dated September 12, 1894.
    L. Fish.                 Consideration $699.50.
            Ack'd and ent'd September 14, 1894."

Then follows what purports to be a list of the mortgaged property. It will be observed that the name of the mortgagee, as entered on the docket, was L. Fish,

when in fact the mortgages were given to the L. Fish Furniture Company; and some of the mortgaged property. was not correctly described by the justice in the entry on his docket. The mortgages were acknowledged and the certificates of the justice entered thereon as required by the statute, and the mortgagee had no notice whatever that the justice had failed to make an accurate entry upon his docket. It was the duty of the justice to enter upon his docket substantially the names of the mortgagor and mortgagee, and also a description of the property contained in the mortgage, but we do not understand that there was here such a failure to comply with the statute as would invalidate the mortgages. The object of the statute requiring the justice before whom a chattel mortgage may be acknowledged to enter upon his docket the names of the mortgagor and mortgagee and a description of the property, was to afford notice to such persons as might prefer to examine the record of the justice of the peace within their township in preference to going to the county records. Here the entry made by the justice showed clearly the name of the mortgagor, amount of the two mortgages and a substantial list of the property mortgaged. The entry was ample to notify any person who might desire to give the mortgagor credit or buy any of her property that she had mortgaged the property. The fact that the justice had made a mistake in the name of the mortgagee was of little consequence. The main inquiry was whether Abby Pinkston had mortgaged her property, and if so, the amount. These facts· were fully disclosed by the entry on the docket of the justice. Moreover, the mortgagee in this case did all that could properly be required to make the mortgages valid instruments. The mortgages were drawn in proper form, duly acknowledged as required by statute and placed on record, and the mere fact that the justice failed to make a proper entry on his docket could not invalidate the mortgages. The mortgagee had no control

over the justice in regard to the entry to be made on his docket, and should not be made to suffer on account of his incompetency or mistakes. This court has held in at least three cases, (*Cook* v. *Hall*, 1 Gilm. 575, *Merrick* v. *Wallace*, 19 Ill. 486, and *Nattinger* v. *Ware*, 41 id. 245,) that the failure of the recorder of deeds properly to record a deed will not invalidate the title of the grantee who has done all that is required of him by law in leaving the deed for record. The principle decided in those cases applies here. The mortgagee did all that could be required on its part, and it should not be prejudiced by the mere failure of the justice of the peace to make a proper entry on his docket.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*