### Jesse French Piano & Organ Co. v. John Meehan.

1. CHATTEL MORTGAGES—*Sufficiency of Justice's Certificate.*—The entry in the justice's docket, at the time of making the acknowledgment of a chattel mortgage, as follows—

"WM. R. LAMMERT AND ANNA LAMMERT,
                Mortgagors.
            v.                    } CHATTEL MORTGAGE.
JESSE FRENCH PIANO AND ORGAN CO.,
                Mortgagees.         Sum, $210 "—is sufficient.

2. SAME—*Legal Effect of the Words " Signed, Sealed and Delivered."* —A certificate that a chattel mortgage was signed, sealed and delivered is, in legal effect, a certificate that it was acknowledged.

3. SAME—*Mistakes of the Justice.*—Where a chattel mortgage is drawn in proper form, duly acknowledged, as required by statute, and placed on record, the mere fact that the justice did not make a proper entry on his docket can not invalidate it.

Replevin.—Trial in the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Finding and judgment for defendant; error by plaintiff. Heard in this court at the February term, 1899. Reversed and judgment for the plaintiff in error entered in this court. Opinion filed September 5, 1899.

SILAS COOK, attorney for plaintiff in error.

Jesse French Piano & Organ Co. v. Meehan.

BURROUGHS & BRO., attorneys for defendant in error.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

Plaintiff in error replevied a piano under a chattel mortgage, from John Meehan, a constable, who had levied on it upon an execution against the mortgagors.

The facts in the case were stipulated. Trial by the court. Judgment for defendant in error.

The only question involved is the validity of the chattel mortgage.

The entry in the justice's docket, at the time of taking the acknowledgment, is as follows:

| | | |
|---|---|---|
| WM. R. LAMMERT AND ANNA LAMMERT, Mortgagors. vs. JESSE FRENCH PIANO AND ORGAN CO., Mortgagees. | Chattel Mortgage. Sum $210. | |

Fee, fifty cents. Mortgage and description of property bought: one Schuman & Sons' piano; all in consideration of which said mortgagors gave twenty-one promissory notes bearing even date herewith; one for the sum of $10 each month, beginning May 26, 1897, bearing interest at the rate of six per cent per annum. Signed, sealed and delivered this 28th day of April, A. D. 1897.

Defendant in error claims that the entry in the justice's docket is insufficient in omitting the word "acknowledged," and that the mortgage is thereby invalid against an execution creditor of the mortgagors.

This claim is not well founded. The object of the entry on the docket was to give notice of the mortgage. This was as fully accomplished by certifying that it was signed, sealed and delivered, as by certifying that it was acknowledged.

A certificate that it was signed, sealed and delivered is, in legal effect, a certificate that it was acknowledged.

The stipulation shows that it was duly recorded in the clerk's office.

It is said in Pease v. Fish Furniture Co., 176 Ill. 222 :

" The entry was ample to notify any person who might desire to give the mortgagor credit, or buy any of her property, that she had mortgaged the property. The fact that the justice had made a mistake in the name of the mortgagee was of little consequence. The main inquiry was whether Abby Pinksten had mortgaged her property, and if so, the amount. These facts were fully disclosed by the entry on the docket of the justice. Moreover, the mortgagee in this case did all that she could properly be required to do, to make the mortgages valid instruments. The mortgages were drawn in proper form, duly acknowledged, as required by statute, and placed on record, and the mere fact that the justice did not make a proper entry on his docket could not invalidate the mortgage."

Applying the doctrine of this decision, there can be no doubt of the validity of the mortgage in question.

As a jury was waived in this case, and the facts stipulated, the judgment of the Circuit Court is reversed, and judgment will be entered in this court for plaintiff in error against defendant in error, for costs, and that the piano in question is the property of plaintiff in error.