## Martin & Co. v. Heilman Machine Works, A. C. Rosencranz, Receiver.

1.   PRACTICE—*Parties Should Not Be Prejudiced by Mere Inadvertence of an Officer Taking an Acknowledgment.*—Parties ought not to be prejudiced by the mere inadvertence of the officer taking an acknowledgment, where they themselves have done all the law requires of them to comply with its provisions.

2.   SURPLUSAGE—*Stating Venue in Certificate of Acknowledgment of Chattel Mortgage.*—The statute giving the form of a certificate of acknowledgment of a chattel mortgage, does not require a venue to be stated, and that portion of the certificate may be rejected as surplusage.   Redundency does not vitiate a certificate of acknowledgment.

3.   ACKNOWLEDGMENT—*Omission to State Name of County in Certificate of Acknowledgment of Chattel Mortgage Immaterial, When.*—The omission to state the name of the county, in the certificate of acknowledgment of a chattel mortgage, in which such acknowledgment is taken, is immaterial when it is certain that the acknowledgment was taken before a justice of the peace in and for a town which the court judicially knows to be in the proper county.

4.   EVIDENCE—*That the Party Who Takes an Acknowledgment is a Justice of the Peace in the County.*—The certificate of the county clerk is competent evidence to prove that the party who took the acknowledgment was, at the time, a justice of the peace in and for the county.

5.   PAROL EVIDENCE—*As to Acknowledgments.*—Parol evidence is admissible to show the county in which an acknowledgment is taken.

Trover.—Appeal from the Circuit Court of Woodford County; the Hon. GEORGE W. PATTON, Judge, presiding.   Heard in this court at the April term, 1900.   Reversed and remanded.   Opinion filed April 10, 1900.

JAMES A. RIELY and THOMAS KENNEDY, attorneys for appellant.

E. J. RILEY, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of trover by appellants against appellees, to recover the value of a threshing machine outfit which appellants claimed under a chattel mortgage.   Appellees insisting it was their property, caused it to be seized and shipped to their works at Evansville, Ind., and appellants brought this suit.   There was a declaration in trover in the usual form to which A. C. Rosencranz, receiver for appellees, filed the general issue.   The cause was tried by a jury, and after the evidence was all in the court directed a verdict in favor of the defendants, on the ground that appellants' chattel mortgage, which was their only title to the property, was not properly acknowledged.   The plaintiffs prosecute this appeal.

It appears from the evidence that appellees are a manufacturing company located at Evansville, Ind., building threshing machines and engines.   During the year 1897, Dennis F. Shea of Minonk, was their agent for several counties in that vicinity (including Marshall), for the sale of appellees' machinery.   It seems that Shea's authority extended simply to taking orders for machines, on blanks furnished by appellees, upon which orders were printed in large letters the words:   "This order is subject to the approval of the Heilman Machine Works at their office in Evansville, Ind."

In the spring of 1897, Shea sold a new Heilman threshing outfit to one Schaeffer, and with the approval of appellees, took a J. I. Case thresher and engine as part pay for the new machine.   It is this last named outfit which is the subject of controversy in this suit.

On July 21, 1897, Shea procured from Nathan Fisher an order in the usual form for the J. I. Case outfit, which was submitted to appellees and rejected July 24, 1897.

Dennis F. Shea, George Shea and Nathan Fisher then

took the Case outfit, without the knowledge or consent of appellees, and used the machinery during the threshing season of 1897. The last place they threshed was at Adam Bishop's, and the machine was left there apparently without much care or attention, except that Fisher took the belts off and put them under cover.

While the machinery was at Bishop's, Shea tried to sell it to Fisher, who swears that Shea then told him, he, Shea, had bought out the interest of appellees therein, and was himself the owner thereof. After some bargaining the evidence seems to show that Fisher agreed to purchase the outfit. Fisher and Shea then went to Peoria, where Fisher purchased a corn-sheller from appellants, Martin & Company, for $150, and to secure the purchase price executed to them the chattel mortgage in question, Shea telling Martin & Company that he had sold the threshing outfit to Fisher and that the latter had a right to mortgage it. The mortgage was accordingly given by Fisher to Martin & Company to secure the payment of four notes, amounting in the aggregate to $150. Fisher took possession of the corn-sheller, went to Bishop's, where the outfit in controversy still remained, and commenced shelling corn, using the J. I. Case engine to run the sheller.

An agent of appellees came to Minonk and ordered Shea to get the threshing outfit and ship it to the factory at Evansville, Indiana. Shea went to where Fisher was at work with the engine, took the machinery from Fisher and shipped it as directed to Evansville.

Objection was made to the introduction of appellants' chattel mortgage in evidence, for the reason that the certificate showed the acknowledgment to have been taken in Peoria county, while the evidence showed that Fisher, the mortgagor, resided, and the property was situated, in Marshall county. The certificate of acknowledgment was as follows:

" STATE OF ILLINOIS, }
  County of Peoria. }

I, James W. Tracey, a justice of the peace of the town

of Bennington, in and for the said county, do hereby certify that this mortgage was duly acknowledged before me by the above named Nathan Fisher, the mortgagor therein named, and entered by me this 13th day of August, A. D. 1897.

Witness my hand and seal.

JAMES W. TRACEY, [SEAL]
Justice of the Peace."

Attached to the mortgage was a certificate of record by the circuit clerk of Marshall county, bearing date August 17, 1897, and also a certificate of the county clerk of Marshall county certifying " that James W. Tracey, whose name is subscribed to the annexed instrument in writing, was at the time of executing the same a police magistrate in and for said county * * * and authorized by law to take the same; and further that I am well acquainted with his handwriting and verily believe that his signature thereto is genuine," etc.

The objection to the introduction of the mortgage in evidence was overruled and it was admitted. Subsequently the court changed its rulings and excluded the mortgage, and appellants then offered to prove that there was no such township as Bennington in Peoria county. That there was such a township in Marshall county, and that James W. Tracey was a justice of the peace of that township. That the acknowledgment of the mortgage in question was taken before him and duly entered in his docket, and that the venue stated as being in Peoria county was a mistake and inadvertence caused by the mortgage being written on a blank printed for Peoria county; but the court rejected this offered testimony, excluded the mortgage, and directed a verdict for appellees as already stated.

We think this action of the court was erroneous. If the mortgage and certificate of acknowledgment, when considered as a whole, were not notice, we are of opinion the proofs offered *aliunde* should have been admitted to show the facts. Parties ought not to be prejudiced by the mere inadvertence of the officer taking an acknowledgment, where they themselves have done all that the law requires of them

to comply with its provisions.    Pease v. Fish Furniture Co., 176 Ill. 220.

Particularly is this so in a case such as this, where the agent of appellees knew all about the chattel mortgage (if he was not in fact the inducing cause of appellants taking it), and was also the same party who took the property from the possession of the mortgagor to ship it to appellees.

As a matter of fact, the mortgage was acknowledged before the proper officer, in the township where the mortgagor resided and the property was situated.    It was entered on the justice's docket and recorded in the proper county. We are of opinion this was sufficient to protect the rights of the mortgagee, whatever they were.

The fact that the justice noted a wrong venue in the margin of his certificate ought not to vitiate the acknowledgment.    It is to be observed that the statute giving the form of a certificate of acknowledgment of a chattel mortgage, does not require a venue to be stated, and we think that portion of the certificate, at least in this case, may be rejected as surplusage.    Redundency does not vitiate a certificate of acknowledgment.    Chester v. Rumsey, 26 Ill. 97.

In Hamilton v. Seeger, 75 Ill. App. 599, it was held that a mistake of the justice in describing the debt secured, did not vitiate the acknowledgment.

It has also been held that the omission to state the name of the county in the certificate of acknowledgment of a chattel mortgage in which such acknowledgment is taken, is immaterial when it is certain that the acknowledgment was taken before a justice of the peace in and for a town which the court judicially knows to be in the proper county. Gilbert v. National Cash Register Co., 67 Ill. App. 606.

The certificate of the county clerk attached to the mortgage, was competent evidence to prove that Tracey, who took the acknowledgment, was at the time a justice of the peace in Marshall county.    Ross v. Hole, 27 Ill. 104.

In the case of Angier v. Schieffelin, 72 Pa. St. 106 (S. C. 18 Am. Rep. 659), there was a question involved similar

to the one we are considering. The officer taking the acknowledgment was a justice of the peace of Crawford county, but in his certificate he stated the venue as "Erie" county, using a blank printed for the last named county, and not erasing the word "Erie." It was held that the acknowledgment was properly on the record and was notice to subsequent purchasers, and also that parol evidence was admissible to show that the acknowledgment was taken in Crawford county. It is true that the property involved in that case was real estate, while here it is personal, but we do not perceive how that fact makes any difference as to the right to resort to parol evidence to show the mistake in the certificate. The principle involved is the same, and the reasoning of the court in the case cited is entirely satisfactory to us on that point.

We forbear expressing any opinion upon the merits of the case, although they have been fully discussed in the briefs of counsel. We think there are questions involved which should be passed upon by the jury under proper instructions, and for the reason that the court excluded the parol evidence offered to show the mistake in the certificate of acknowledgment and improperly directed a verdict for appellees, the judgment will be reversed and the cause remanded for a new trial in accordance with the views herein expressed.

Reversed and remanded.