## Andreas J. Lassen v. M. W. Lake.

### Gen. No. 4,769.

1. CHATTEL MORTGAGE—*where must be acknowledged.* A chattel mortgage must be acknowledged by the mortgagor before a justice of the peace or before the county judge of the county where he resides.

2. CHATTEL MORTGAGE—*what deemed residence of mortgagor.* As between a man's place of business and his dwelling house, his residence is at his· dwelling house; likewise a temporary residence does not constitute his legal residence for the purpose of the acknowledgment of a chattel mortgage.

Replevin. Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

EDWARD D. SHURTLEFF, for appellant.

J. E. BARBER and D. T. SMILEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in replevin brought by the appellant, Andreas J. Lassen, in the Circuit Court of McHenry county against the appellee, M. W. Lake, sheriff of said county, to recover the possession of certain

mortgaged chattels. By stipulation, the jury was waived and a trial had before the court, resulting in a judgment finding the right of property in appellee and for damages and costs against appellant.

The evidence shows that, on the 29th day of March, 1905, one Edgar H. Richardson executed a promissory note secured by a chattel mortgage of the same date, wherein was described the goods and chattels involved in this proceeding, which was acknowledged by a justice of the peace of McHenry county; and that, on June 28, 1905, appellee, as sheriff of said county, received an execution on a judgment rendered in the county court of said county in favor of one Brennan and against the said Richardson, and that the property was sold on the mortgage and immediately thereafter seized by appellee on the execution. It also appears from the evidence, that Richardson, at the time of the acknowledgment of the mortgage, was operating a saloon in Marengo, McHenry county, where he frequently stayed over night and during a considerable portion of the week, and when there, took his meals at the hotel or restaurant and slept in a room over the saloon which, in his absence, was occupied by the porter or bartender; and that he had a home in Genoa, DeKalb county, where he had lived with his family for thirty years and to which he returned every Saturday night or Sunday morning.

On the trial two objections were made to the validity of the mortgage and are here relied on to sustain the judgment; one, that it was not acknowledged at the place of residence of the mortgagor, and the other, that it did not sufficiently describe the note secured thereby.

The statute requires that chattel mortgages shall be acknowledged before a justice of the peace or the county judge of the county where the mortgagor resides (if a resident of the state at the time of making the acknowledgment), section 2, chapter 95, Hurd's R. S. 1905. The recital or representation in the mortgage, that the mortgagor was of the town of Marengo,

McHenry county, did not estop appellee from showing that the mortgagor's residence was, in fact, in some other town and county. Gilbert v. Sprague, 196 Ill. 444. The rights of the parties depend, not upon the recitals or representations of the mortgagor as to his residence, but upon the fact of such residence.

As between a man's place of business and his dwelling house, his residence is at his dwelling house. Am. & Eng. Ency. of Law, vol. 24, page 694, notes, 2nd edition; Abington v. North Bridgewater, 23 Pick. (Mass.) 170. In Green et al. v. Beckwith, 38 Mo. 384, it is said: "A man's residence, like his domicile or usual place of abode, means his home, to and from which he goes and returns daily, weekly or habitually from his ordinary avocation and business wherever carried on." The evidence in this record all tends to show that the mortgagor's domicile, permanent home, place of abode or residence, was, at the time of the acknowledgment of the mortgage, at Genoa, DeKalb county; and that his business and residence in Marengo, McHenry county, was only of a temporary character, and not sufficient to constitute a residence within the meaning of section 2 of the Chattel Mortgage Act; and the mortgage is, therefore, void as to creditors.

It is, in our opinion, therefore, unnecessary to determine whether the note was sufficiently described in the mortgage, or to consider the action of the trial court on the proposition of law presented by appellant thereon. Finding no error in this record, the judgment of the trial court is affirmed.

*Affirmed.*