DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

## The Guest Piano Company, Appellant, v. Charles Moore, Appellee.

CHATTEL MORTGAGES—*effect of failure of justice to make docket entry.* If a justice of the peace makes no docket entry of a mortgage acknowledged before him, it is void as against a third person subsequently purchasing the mortgaged property.

Replevin. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

CLEMENS & SLATER and GEORGE W. DOWELL, for appellant.

PILLOW, SMITH & STONE, for appellee; GORDON PILLOW, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an action of replevin brought by appellant against appellee in the Circuit Court of Williamson county, to recover a piano sold by the appellant to one G. F. DeVoll, and by the latter subsequently sold to appellee. A note payable in monthly installments was given for part of the purchase price and the same secured by a chattel mortgage. Default having been

(529)

made in some of the installments and appellee refusing to surrender the piano on demand, this suit followed. A jury was waived and the case tried on the following stipulation of facts:

"It is hereby stipulated and agreed by and between the attorneys for the respective parties to this suit: that the plaintiff sold to G. F. DeVoll one Richmond piano and that said G. F. DeVoll gave to the plaintiff a mortgage on the piano to secure the purchase price; that the chattel mortgage was duly acknowledged before a justice of the peace of the precinct of the mortgagor and that the certificate of acknowledgment on said mortgage recited the fact that the said mortgage was entered etc., on said justice's docket; but in fact there never was any entry of such mortgage or its acknowledgment on said justice's docket; that the said mortgage was duly recorded in the recorder's office of said county; that after the recording of said mortgage and within two years following the execution etc. of said mortgage, the said G. F. DeVoll sold and delivered the said piano in question to the defendant. The said mortgage is made an exhibit along with the said stipulation and made a part hereof."

The sole question presented for our consideration concerns the effect upon the rights of a mortgagee of the failure of a justice taking the acknowledgment of a chattel mortgage, to make the entry on his docket, of the acknowledgment and description of the property, required by the statute, where the mortgaged property has been subsequently sold by the mortgagor to a third person. Our statute provides, "that no mortgage, trust deed or other conveyance of personal property, having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee or the instrument shall provide for the possession of the property to remain with the grantor and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall

for the purposes of this act, be deemed a chattel mortgage." Rev. Stat., chap. 95, sec. 1 (Hurd 1908).

Section 2 of the same act designates the officers before whom such instrument shall be acknowledged, among them being justices of the peace, and section 3 provides, that if the acknowledgment is by a resident of this state, the justice of the peace shall enter in his docket or in some book kept for that purpose, a memorandum stating in substance the names of the mortgagor and the mortgagee, the description of the property mortgaged and the date of the acknowledgment.

The courts of appellate jurisdiction of this state have held in many cases that where the justice of the peace attempted to comply with the statute in the above regard and made an entry of some kind on his docket, the rights of the mortgagee would not be defeated by inaccuracies in the entry so made. And especially is this the case where there was sufficient in the entry to put subsequent purchasers or encumbrancers upon inquiry. Pease v. Fish Furniture Co., 176 Ill. 220; Martin v. Heilman Machine Works, 89 Ill. App. 159; French Piano & Organ Co. v. Meehan, 84 Ill. App. 262.

Appellant suggests that considering the large number of officers of a county before whom a chattel mortgage may be acknowledged, under the present statute, it is highly improbable that any one contemplating a purchase or taking a lien on chattel property would resort for information of prior liens elsewhere, than in the office of the recorder of the county. It is to kept in mind, however, that while the revision of 1905 of portions of the act in relation to mortgages, extended the jurisdiction of the justice in this regard from his precinct to the whole county, and increased the number of officers before whom acknowledgments of chattel mortgages could be taken, yet the statute still requires the justice of the peace to make the entry, and the form of the entry prescribed is the same as before.

The doctrine which appears to us to be the true one, as applicable to this case, is that laid down in Koplin v. Anderson, 88 Ill. 120. In that case no entry was made by the justice taking the acknowledgment of a chattel mortgage on his docket and the mortgagor subsequently executed another mortgage on the same property. Mr. Justice Walker, who delivered the opinion of the court, said: "This record presents the question whether the omission of a justice of the peace, on taking the acknowledgment of a chattel mortgage, to make a memorandum of the property mortgaged in his docket, renders the mortgage invalid as to other lien holders," and there followed a thorough analysis of the statute, its object and intent, and it was held, that the entry in the justice's docket was essential to give validity to the mortgage, and that the mortgage in question was invalid as against the claim of the second mortgagee whose mortgage had been properly entered in the justice's docket.

In Kimball Company v. Piper, 111 Ill. App. 82, it is held in reference to the same question, "the statute requires that the entry on the justice's docket shall contain a description of the property, to make it valid as against strangers."

The court below properly held that the chattel mortgage in question, not having been entered by the justice of the peace as required by law, was of no force and effect as against the rights of appellee.

*Affirmed.*

Mr. Justice DUNCAN having tried this case in the court below, took no part here.