William Greenwald, Appellee, v. Caroline Lee and Ralph B. Haas, Appellants.

Gen. No. 7,978.

Opinion filed March 20, 1929.

H. M. MURRAY and L. C. SIEBERNS, for appellants.

F. A. ORTMAN and B. R. THOMPSON, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

On January 23, 1928, Joseph Greenwald executed a chattel mortgage on all his personal property to William Greenwald, his brother, to secure the payment of a note for $5,000. The mortgage contains the following certificate of acknowledgment:

"State of Illinois, Livingston County, SS.

"E. A. Jamison, a Justice of the Peace in and for and residing in the town of Pontiac, in said county and state, do hereby certify that this mortgage was duly acknowledged before me by Joseph Greenwald, the mortgagor therein named this 23rd day of January, 1928.

Witness my hand and seal.

————————————————(SEAL)"

The mortgage was entered on the docket of the justice of the peace and filed for record in the recorder's office of Livingston county on the day of its purported acknowledgment. On January 25, 1928, two executions were issued out of the circuit court of Livingston county on judgments against Joseph Greenwald in favor of Caroline Lee and Ralph B. Haas, respectively.

On February 9, 1928, appellee, William Greenwald, foreclosed his chattel mortgage, took possession of the property and advertised it for public sale on February 23, 1928. On February 10, 1928, the sheriff levied on the mortgaged property. Notice of a trial of the rights of property was given the parties to this suit. A jury was waived, the causes were consolidated and tried by the county court, and a judgment was entered in favor of appellee.

The controversy in this case arises over the certificate of acknowledgment. The justice of the peace did not sign his name on the blank line provided for that purpose in the printed form, and the words "entered by me" contained in the statutory form are omitted from the certificate. The name of the justice appears in the body of the certificate and over the objection of appellant, he was permitted to testify that the failure to put his signature in the usual place was a clerical error; that he did write his name at the beginning of the certificate; that it appears there in his own handwriting and is his signature. He also testified that he wrote the words "this 23rd day of January 1928" in the certificate. The court admitted the docket entry of the mortgage over objection.

No question is raised as to the bona fides of the mortgage transaction. The only issue is whether or not the chattel mortgage is valid and binding as against appellants. The question is not free from difficulty. The general rule adopted by the courts of review in this State is expressed in *National Cash Reg-*

*ister Co. v. Riley Advertising System,* 329 Ill. 403. The opinion in that case states: ''Chattel mortgages are in derogation of the common law and must be strictly construed. (*Lyons v. People's Bank,* 317 Ill. 44; *Kimball Co. v. Polakow,* 268 id. 344.) In order that a chattel mortgage be established as a prior lien as against judgment creditors, the holder of such chattel mortgage must prove that it complies with all the technical requirements of the statute. (*Talty v. Schoenholz,* 323 Ill. 232; *Lyons v. People's Bank, supra.*) Unless such chattel mortgage is executed and acknowledged in strict compliance with the statute, it is void as to third persons even though they may have notice of the existence of it. (*Blatchford v. Boyden,* 122 Ill. 657; *Frank v. Miner,* 50 id. 444.)''

An examination of the above-mentioned cases will show that in the *National Cash Register* case the mortgage did not disclose who was the mortgagor. In the *Lyons* case, the *Tally* case, and the *Frank* case the mortgage was not acknowledged before a justice of the peace of the town where the mortgagor resided, as then required by statute. In the *Kimball* case, the mortgage was acknowledged by an attorney in fact, before the statute made provision for such acknowledgments. The good faith of a transaction was involved in the *Blatchford* case, where it was claimed that a chattel mortgage had been foreclosed and the property resold to the mortgagor, who made a new mortgage to the same parties.

Appellants insist that a defective acknowledgment cannot be aided by parol, and in support of their contention cite *Ennor v. Thompson,* 46 Ill. 214. In that case a deed did not convey the homestead. There was an attempt to prove by parol what the grantor's wife did acknowledge when she was before the justice of the peace. It was held that under the statute, everything essential to an acknowledgment must appear in the

certificate, as the statute has declared that in that mode, and that alone, can the wife bar her rights of homestead. The defect in the acknowledgment was one of substance and not a mere clerical error. Obviously, the conveyance of an interest in land cannot be established by parol. In *Clark v. Wilson*, 127 Ill. 449, a notary public's certificate of acknowledgment to a deed was unsigned and was held insufficient, but in that case the notary made no attempt to sign or execute the certificate.

Section 2 of the Chattel Mortgage Act before its amendment in 1915 provided: "The certificate of acknowledgment may be in the following form," followed by a blank form. Since the amendment of 1915, Cahill's St. ch. 95, ¶ 2, the section provides: "The certificate of acknowledgment shall be in the following form." It is argued by appellants that the statute is mandatory and that the acknowledgment to a chattel mortgage must follow literally the statutory form. Before the amendment of 1915, it was held that the word "may" as used in this statute was imperative. (*First Nat. Bank of Chicago v. Baker*, 62 Ill. App. 154; *Henderson v. Morgan*, 26 Ill. 431; *Ticknor v. McClelland*, 84 Ill. 471.) So the substitution of the word "shall" for the word "may" made no change in the law as interpreted by the courts.

The words "and entered by me" are contained in the statutory form of acknowledgment of chattel mortgages, but although the word "may" was construed to be imperative in the cases cited, it has been held that the omission of the words "entered by me" does not raise any substantial objection. (*Schroder v. Keller*, 84 Ill. 46; *Harvey v. Dunn*, 89 Ill. 585.)

In *Durfee v. Grinnell*, 69 Ill. 371, a chattel mortgage was in fact executed and acknowledged in 1871, but the justice dated the certificate of acknowledgment in 1872. It was held that it is to be presumed that any person

examining the justice's docket would have found the mortgage described by the proper date. In *Cox v. Stern,* 170 Ill. 442, an affidavit for the extension of a chattel mortgage was signed by the mortgagors and the agent of the mortgagee. To the affidavit there was a jurat in regular form as to the mortgagee's agent, but the jurat as to the mortgagors was unsigned. The affidavit was held to be sufficient. A mortgagee is not estopped to show that the mortgagor's residence is different from that recited in the mortgage, when a creditor did not claim to have relied upon the recital or to have done or suffered anything because of it. (*Terhune v. Matson,* 40 Ill. App. 296; *Gilbert v. Sprague,* 196 Ill. 444; *Lassen v. Lake,* 132 Ill. App. 609.)

Other departures from the literal requirements of the statute have been held not to invalidate a chattel mortgage. It is required that the justice of the peace who takes an acknowledgment to a chattel mortgage shall enter the same on his docket, and the statute prescribes the form of entry, embracing the words "Acknowledged this —— day of ————, 19—." In *Jesse French Piano & Organ Co. v. Meehan,* 84 Ill. App. 262, a docket entry reciting that the mortgage was signed, sealed and delivered was held to have the legal effect of a certificate that it was *acknowledged,* although that word did not appear. It was said that the object of the entry on the docket was to give notice; that this was as fully accomplished by certifying that the mortgage was signed, sealed and delivered, as by certifying that it was acknowledged, and the mere fact that the justice did not make a proper entry on his docket could not invalidate the mortgage.

It has been frequently decided that neither the mortgagor nor the mortgagee is to suffer for the mistakes or misprisions of officers charged by law with the performance of duties connected with the acknowledgment, docketing and recording of chattel mortgages,

when such mortgagor or mortgagee has done all that the law requires of him. In *Pease v. L. Fish Furniture Co.,* 176 Ill. 220, two chattel mortgages to the furniture company had been entered by a justice of the peace, and the mortgagee was erroneously described in the entry as "L. Fish." In the opinion, on page 223, it is said: "The object of the statute requiring the justice before whom a chattel mortgage may be acknowledged to enter upon his docket the names of the mortgagor and mortgagee and a description of the property, was to afford notice to such persons as might prefer to examine the record of the justice of the peace within their township in preference to going to the county records. Here the entry made by the justice showed clearly the name of the mortgagor, amount of the two mortgages and a substantial list of the property mortgaged. The entry was ample to notify any person who might desire to give the mortgagor credit or buy any of her property that she had mortgaged it. The fact that the justice had made a mistake in the name of the mortgagee was of little consequence. The main inquiry was whether Abby Pinkston had mortgaged her property, and if so, the amount. These facts were fully disclosed by the entry on the docket of the justice. Moreover, the mortgagee in this case did all that could properly be required to make the mortgages valid instruments. The mortgages were drawn in proper form, duly acknowledged as required by statute and placed on record, and the mere fact that the justice failed to make a proper entry on his docket could not invalidate the mortgages. The mortgagee had no control over the justice in regard to the entry to be made on his docket, and should not be made to suffer on account of his incompetency and mistakes. This court has held in at least three cases (*Cook v. Hall,* 1 Gilm. 575, *Merrick v. Wallace,* 19 Ill. 486, and *Nattinger v. Ware,* 41 id. 245) that the failure of the recorder of

deeds properly to record a deed will not invalidate the title of the grantee who has done all that is required of him by law in leaving the deed for record. The principle decided in those cases applies here. The mortgagee did all that could be required on its part, and it should not be prejudiced by the mere failure of the justice of the peace to make a proper entry on his docket." To the same effect are *Crescent Coal & Mining Co. v. Raymond,* 57 Ill. App. 197; *Guest Piano Co. v. Moore,* 152 Ill. App. 529; and *Martin & Co. v. Heilman Machine Works,* 89 Ill. App. 159.

Where the acknowledgment to a chattel mortgage, by mistake and inadvertence, showed that it was taken before a justice of the peace of Peoria county, when in fact the justice resided in Marshall county, the residence of the mortgagor, it was held in *Martin & Co. v. Heilman Machine Works, supra,* that the parties ought not to be prejudiced by the mere inadvertence of the officer taking the acknowledgment, where they had done all that the law requires of them to comply with its provisions.

A case in point is *Fisk v. Hopping,* 169 Ill. 105. The closing words in an acknowledgment to a deed were "Before me Benjamin Pinney, Commissioner of Deeds for the State of Illinois." It was held that it is just as reasonable to say that this was a signature as to say it was a mere recital.

In *Eaton State Bank v. Flesher,* 243 Ill. App. 532, the recorder by mistake showed the maturity of one of the notes secured by a chattel mortgage to be on the date of the mortgage, instead of one year later, the correct date. In the course of the opinion, the court says: "An examination of the Chattel Mortgage Act discloses that such mortgages require for validity and legal effect certain acts to be done by the parties to the transaction. . . . If the rights of the respective parties to this transaction are governed by their conduct,

and if their conduct was in harmony with the law regulating it, there can be no basis for the contention that the recorder's misconduct affected their rights in any way. . . . The entire transaction is statutory and the mortgagee and mortgagor complied with it in every particular. While the statute declares the lien of the mortgage shall be effectual from the date of its filing, and the recorder is required to record it, yet when the mortgagee has complied with the statute so far as lies in his power, the mortgage is regarded as recorded from the time it was deposited for that purpose. The mortgage is not affected by the errors or misprisions of the recording officer. . . . It would be a harsh rule to punish an individual, who in the prosecution of a right, has done everything that the law required him to do, for omission by a public officer to comply with forms prescribed to him as his duty."

Although an examination of the certificate of acknowledgment would have disclosed to appellee the alleged defect, still, in a number of the cases above cited, defects in the mortgage or acknowledgment were apparent on the face of the instrument and the mortgages were not declared invalid.

We do not agree with the contention that it was error to admit testimony to aid the certificate. In *Cox v. Stern, supra; Martin & Co. v. Heilman Machine Works, supra,* and *Gilbert v. Sprague, supra,* testimony for such purpose was admitted. Appellant claims that the testimony of the justice of the peace, even if competent, was insufficient to show that the mortgage was in fact acknowledged. His testimony tended to show that the mortgage was acknowledged before him, and his docket entry further evidences the fact. The docket was properly identified and being a public record, required by law to be kept, was admissible. (*Lurton v. Gilliam,* 1 Scam. 577; *Merchants'*

*Nav. Co. v. Amsden,* 25 Ill. App. 307; 22 C. J., "Evidence," p. 791.)

The mortgagor and the mortgagee in the instant case did all that was required of them by law. The mistake of the justice was a mere clerical error. His name, as it appears in the certificate, was his signature and the testimony discloses that he attempted in good faith to execute the certificate in its statutory form. It does not appear that appellants relied upon the record in the recorder's office or that they suffered anything because of it. The fact that the record showed an apparently unsigned certificate of acknowledgment is not a controlling factor. Under the settled rule in this State, if the certificate had in fact been regular in all respects, but the recorder had failed to copy the signature at the end of the certificate, the mortgage would not have been invalidated on that account. The record would afford as much notice in one case as in the other.

While the general rule is that the provisions of the Chattel Mortgage Act are mandatory, a review of the decisions, announcing that rule, shows that its application concerns only substantial departures from the requirements of the statute. The exceptions to the rule are as well established as the rule itself. We are of the opinion that the mortgage in question comes within that class of cases which the courts of this State have repeatedly held valid.

The judgment of the trial court is affirmed.

*Judgment affirmed.*