## JAMES H. GAFF

*v.*

## ALFRED E. HARDING.

ESTOPPEL—*to deny possession of goods replevied.* Where the defendant, as sheriff, levied upon chattels upon which the plaintiff held a chattel mortgage which gave him the right to take possession, if he felt insecure, or an execution should be about to be levied on the same, and the mortgagor procured the plaintiff to execute with him a delivery bond upon his promise to settle the execution before the day of sale, and before such day the plaintiff called upon the sheriff and informed him that he was about to replevy the property, and offered to deliver it if he so insisted, but asked him if he would treat it as in his possession, for the purpose of the suit, and the defendant assented to this, and agreed to treat the property as in his actual possession, and thereupon plaintiff demanded the property:

*Held,* in replevin by the plaintiff, that this agreement estopped the defendant from denying the property was in his possession when the demand was made.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. ALFRED E. HARDING, *pro se.*

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, in the Livingston circuit court, resulting in a verdict and judgment for the plaintiff.

The only point of any importance raised on the record is, was the property in the possession of the sheriff at the time the writ of replevin was sued out-?

The plaintiff, Harding, had a chattel mortgage on the property in question to secure a *bona fide* debt. This mortgage contained the usual clause, if mortgagee felt insecure, or an execution was about to be levied on the property, Harding had the right to take it into his actual possession.

An execution issued against the mortgagor, and was levied on a portion of the property. The defendant in the execution and mortgagor, one Dodwell, requested Harding to go his security on a delivery bond. Harding went with Dodwell to appellant, the sheriff, and told the sheriff he had a mortgage on the property, and would replevy it, unless Dodwell paid up the execution—if he did not settle it before the property was to be delivered on the bond, that he (Harding) would replevy it. With these considerations Harding executed the bond.

Dodwell did not settle the execution, and as the property had to be delivered to the sheriff on the conditions of the delivery bond, Harding called on the sheriff and notified him he was about to replevy the property, and wanted to release himself from the bond; that if the sheriff insisted upon it,

he would go and drive the property up through the mud, and pass it over into the actual possession of the sheriff; that if he would consider the property delivered, so as to relieve him from the bond, and would consider and treat the property as in his actual possession, for the purpose of a replevin suit, and thus testing his right to it, he could replevy it at once, otherwise he would go and bring the property in and place it in appellant's actual possession. Appellant assented to this, and agreed he would consider the property as in his actual possession if he (Harding) would then replevy it. Harding then demanded the property of appellant, and he refused to give it up—hence, this suit.

This agreement, we think, estops appellant from denying the property was in his possession when the demand was made and writ of replevin sued out.

The verdict is right, on the evidence, and the judgment must be affirmed.

*Judgment affirmed.*