# SARAH J. HALE *et al.*

*v.*

# WILLIAM H. MORGAN *et al.*

MORTGAGE—*release of—obtained under promise to pay.* Where a release of a mortgage was executed by the mortgagee, and sent to an agent to be delivered on payment of the balance due on the mortgage, and a subsequent purchaser procured the same upon his promise to pay the sum due, in a few weeks, which he neglected to do: *Held,* on bill to foreclose the mortgage, that the release was inoperative and could not take effect until the mortgage debt was paid.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

This was a bill in equity, filed by Sarah J. Hale, John M. Hale and Wm. W. Hale, executors of the last will of Reuben C. Hale, deceased, against William H. Morgan, William H. Hanna and Harriet B. Weed, to foreclose a mortgage given by Morgan to Reuben C. Hale in his lifetime. The facts appear in the opinion.

Messrs. COPE & BOYLES, and Messrs. CHESLEY & HAGLE, for the plaintiffs in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit in equity for the foreclosure of a mortgage executed by Morgan, December 20, 1859, to secure the payment of two promissory notes of the same date, for $235 each, payable in one and two years, respectively. Hanna and Weed were made parties, the former as a subsequent purchaser, and the latter as a subsequent mortgagee of the mortgaged premises.

The court below, on final hearing, dismissed the bill.

The only defense set up was, that of a release of the mortgaged premises executed by the complainants to Morgan on

the 28th of October, 1869, which was at a time subsequent both to the purchase by Hanna and the mortgage to Weed.

The proof shows very satisfactorily that the supposed release was executed by the complainants and sent to their agent to be delivered to Hanna upon payment of the balance which was remaining due of the mortgage debt; that Hanna afterwards obtained the possession of the release from the agent on the promise of the former to pay said balance in a few weeks, but that he has never paid any part thereof, and it still remains due and unpaid.

It sufficiently appears, from the evidence, that the release set up is not an operative one, and will not have effect until the mortgage debt is satisfied.

Instead of dismissing the bill, the court should have rendered a decree of foreclosure for the satisfaction of the unpaid portion of the mortgage debt.

The decree is reversed, and the cause remanded for further proceedings in conformity herewith.

*Decree reversed.*