| 75  599
| 89  163|

## James R. Hamilton v. William Seeger et al.

1. REPLEVIN—*Waiver of Demand.*—After the commencement of a replevin suit, a controversy arose as to a demand, and the defendant said : "I waive all demand; you can go ahead with your replevin." *Held,* that the defendant had waived the necessity of a demand and was estopped from claiming that no demand was made.

2. CHATTEL MORTGAGES—*Affidavits for Extension of, Held Valid.*—Affidavits made by the mortgagor and the mortgagee in a chattel mortgage were made at the same time and on the same paper. It was apparent from the affidavits that there was an agreement between the

parties to extend the time of payment of the indebtedness, and they were ample to enable creditors to know the time to which the mortgage had been extended, the amount unpaid and the interest the mortgagees had in the property. *Held,* that the affidavits should be considered together and as constituting one transaction; that they constituted a substantial compliance with the statute, and that the mortgage was legally extended.

3. SAME—*Acceptance of Bill of Sale, Held, Not a Satisfaction, Under the Circumstances.*—The mortgagor in a chattel mortgage made a bill of sale of the mortgaged property to the mortgagee, which was accepted upon representations that the property was free from liens. Upon learning of a lien the mortgagee immediately declared that he had no claim to the property under the bill of sale and claimed it under the mortgage, giving notice to the persons interested. *Held,* that under the circumstances shown, the acceptance of the bill of sale did not amount to a satisfaction of the mortgage and that it was a valid lien on the property described therein.

4. SAME—*Acknowledgment and Docketing.*—The statute in regard to chattel mortgages only requires the justice to enter a memorandum of the names of the mortgagor and mortgagee, and a description of the property as in the mortgage, and that it was acknowledged, and the date thereof; and it can not be rendered invalid because the memorandum contains matter not required by the statute or on account of a mistake of the justice in describing the debt secured.

5. SAME—*Affidavits for Extension of, May be Filed on Day Debt Matures.*—An affidavit extending a chattel mortgage and the debt secured thereby is in apt time if filed on the day on which the debt falls due.

Replevin, by a mortgagee. Appeal from the Circuit Court of Mc-Lean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

HENRY D. SPENCER, attorney for appellant.

LIVINGSTON & BACH, attorneys for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action of replevin brought by appellees to recover the tools, furniture, fixtures, saws, knives, grinding machines, etc., which comprise a complete outfit for a meat market, also delivery wagons, surrey and harness, located at No. 223 East Front street, Bloomington, Illinois, taken by appellant as a constable of McLean county, under an

execution issued on the 9th day of December, 1896, on a judgment entered on the 21st day of November, 1896, by B. W. Mason, a justice of the peace of McLean county, for the sum of $133.43, in favor of Armour Packing Co. and against J. C. Ritz. Appellees claim title to this property under a chattel mortgage executed by John C. Ritz to them, on the 21st day of November, 1895, to secure the payment of a promissory note bearing even date therewith, due one year after date, with interest at seven per cent, for $500, which mortgage was sought to be extended under the statute by filing affidavits for record in the recorder's office of McLean county, and with the justices of the peace upon whose docket the same was entered. Upon a trial of the case in the Circuit Court, judgment was entered that appellees have the property and for their costs.

It is insisted by appellant that no demand was made by appellees before the commencement of the suit and the issuing of the writ of replevin. After the commencement of the suit and after the writ was placed in the sheriff's hands, a controversy arose as to a demand, and appellant said, "I waive all demand; you can go ahead with your replevin."

Appellees, relying on this declaration, went on with their replevin suit. Had it not been for this agreement, appellees could have ordered the writ returned, that was in the sheriff's hands not served, and made a demand and commenced a new suit. By this agreement appellant waived the necessity of a demand, and is now estopped from claiming no demand is made. Gaff v. Harding, 66 Ill. 61.

The note and chattel mortgage under which appellees claim to have derived title to this property fell due November 21, 1896, and Ritz, the mortgagor, not being able to pay the same at that time, applied to the mortgagees for an extension of thirty days, under Sec. 4, Chap. 95, R. S., which was granted by the mortgagees. In pursuance of such arrangement John C. Ritz, the mortgagor, on the 21st day of November, 1896, made an affidavit in which he says he

is the mortgagor in a certain mortgage to William Seeger
and W. C. Arnold for $500, recorded on page 393, book 152
of mortgages, in the recorder's office of McLean county, upon
the fixtures, machinery, etc., situate in his butcher shop on
East Front street, in the city of Bloomington, Illinois, and
also on horses, wagons and surrey, and other articles; that
he is the owner of the same, at this time subject to the
mortgage; that there are no liens on the said property of
any nature or kind except the mortgage above specified;
that there is due to William Seeger and W. G. Arnold,
the mortgagees therein, the sum of $500, and further this
affiant saith not.   At the same time Wm. Seeger, one of
the mortgagees, made an affidavit in which he says he is
" one of the mortgagees in the original mortgage, which will
be found recorded on page 393, book 152 of mortgages,
McLean county, recorder's office, and that the sum of $5( 0
still is due on said mortgage, which sum will become due at
noon on the 21st day of December, A. D. 1896, by reason of
extension, which sum constitutes the amount of my interest
in the property therein mentioned and described."   These
affidavits were on the same day recorded in the recorder's
office and entered upon the docket of the justice of the
peace as provided by the statute.   The affidavit of Ritz
does not state when the mortgage will come due by the
reason of the extension, while the affidavit of Seeger does.
In the affidavit filed by Ritz, the interest of the mortgagees
is set forth explicitly, while in Seeger's it appears by impli-
cation.   On account of the omission in Ritz's affidavit, and
because the interest of the mortgagees in the mortgage is
not explicitly set forth in Seeger's affidavit, it is claimed
by appellant the extension is invalid.

It appears, from the record, these affidavits were made at
the same time and on the same paper, and when Ritz, the
mortgagor, and Seeger, one of the mortgagees, were pres-
ent, and they should be taken as one transaction.   It is
quite apparent from these affidavits that there was an
agreement between the parties to extend the time of pay-
ment of the indebtedness thirty days.   They were ample

notice to enable the creditors of Ritz to know the chattel mortgage had been extended, the time to which it had been extended, the amount unpaid, and the interest the mortgagees have in the property. These affidavits, together with the facts and circumstances in proof, with reference to the making of the same, make the extension binding on the parties to the mortgage. We therefore hold that these papers, taken together, constituted a substantial compliance with the statute, and that the mortgage was legally extended. Fuller v. Smith, 71 Ill. App. 576; Cox v. Stern, 170 Ill. 442.

On the 17th day of December, 1896, Ritz made a bill of sale of the mortgaged property to Seeger and Arnold for $500, Ritz representing to them the property was free from all liens except their mortgage. This bill of sale was not to operate as a satisfaction of their note and mortgage, unless the property was free of liens, as represented by Ritz. The purpose of the bill of sale was to save the expense of the foreclosure of the mortgage. On the 18th day of December, appellant levied the execution under which he justified his claim to the property replevied. Seeger immediately declared he made no claim to the property under the bill of sale, but claimed it under the mortgage, and so notified Ritz and appellant. This he had a right to do on account of the misrepresentation made by Ritz as to the property being free from any lien except the mortgage. Stanley v. Valentine, 79 Ill. 544; Hale v. Morgan, 68 Ill. 244. Neither Ritz nor any of his creditors were injured. The bill of sale never became effective. The note and mortgage were not surrendered, nor any reason given, if they were paid, why they were not taken up. This fact sustains appellees' theory. Reynolds v. Lambert, 69 Ill. 497. The bill of sale never became effective; there was nothing to rescind.

It is contended by appellant that the affidavits filed for the extension of the time of payment of the note and chattel mortgage were not filed in apt time and are invalid. The note and chattel mortgage were given November 21,

1895, and were due one year after date. On November 21, 1896, the affidavits were made and filed in the recorder's office of McLean county, and entered upon the docket of the justice of the peace, before whom the mortgage was acknowledged, extending the payment of the note and mortgage thirty days. This, we think, was a compliance with the statute as to time of filing the same. It provides if the debt matures within two years, then, within thirty days next preceding the maturity of such debt or obligation, the mortgagor and mortgagee. shall file for record an affidavit. The debt or obligation did not mature until 12 o'clock, midnight, November 21, 1896. November 21st was one of the thirty days next preceding the maturity of the mortgage debt. A suit brought on November 21st would have been premature. The language of the statute providing the affidavit should be filed within thirty days next preceding the maturity of the debt, the word "maturity" refers to the time fixed for the payment of the note and mortgage, which is the termination of the period they have to run; that is, that the time had passed. United States v. Union P. R. R., 91 U. S. 72. Applying this construction to the act in question, it would seem the affidavits were filed in apt time.

It is urged that the court erred in admitting in evidence the docket of A. Steel, the justice of the peace before whom the chattel mortgage was acknowledged, because in entering the memorandum required by statute, he recites the consideration of the mortgage as being $200, while the consideration of the mortgage offered in evidence is $500. The statute only required the justice to enter a memorandum of the names of mortgagor and mortgagee and a description of the property as in the mortgage, and that it was acknowledged and the date thereof. This it contained. The mortgage can not be rendered invalid because the memorandum contains that not required in the statute. The parol evidence and the documentary evidence shows conclusively the mortgage in question is the one of which the memorandum was made. Appellees are not responsible for

a mistake made by the justice. Wolf v. Hunter, 10 Ill. App. 32.

Complaint is made of some of the instructions given on behalf of the appellees. While they may be the subject of criticism, yet we do not think, when taken in connection with the series as given, that the appellant was prejudiced thereby. Nor do we think the appellant was prejudiced by the refusal of instructions asked. The refused instructions asked by appellant were substantially contained in those given.

. The judgment of the Circuit Court is affirmed.