## Charles G. Wineteer et al. v. M. B. Simonson et al.

1. VERDICTS—*On Conflicting Evidence.*—It is a well-settled rule of law that the verdict of a jury will not be disturbed where there is a sharp conflict in the evidence, when it does not appear from the record that the jury was influenced by passion, prejudice or partiality.

2. ESTOPPEL—*To Deny Possession of Goods Replevied.*—Where the defendant in a proposed replevin suit agrees with the plaintiff to consider and treat the property as in his (the defendant's) actual possession for the purpose of testing the rights of the parties, he will be estopped from denying that the property was in his possession when the demand was made.

3. APPELLATE COURT PRACTICE—*Where the Abstract is Incomplete.*—Where an appellant omits from his abstract all instructions given at his request, the court may be justified in not discussing instructions appearing in the abstract given at the request of the appellee.

Replevin.—Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

GRAHAM & MILLER and GEORGE M. MORGAN, attorneys for appellants.

S. H. CUMMINGS, attorney for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This was an action of replevin brought in Sangamon Circuit Court, resulting in a verdict and judgment for appellees.

Three pleas were filed. *Non cepit, non detinet*, and property in Charles G. Wineteer, appellant. The property involved in this controversy is a piano and a stool.

Shortly before the commencement of this suit, the piano was in the possession of Cummings, attorney for appellees, who claimed to be holding it for his clients. At the same time appellant Wineteer was claiming title to the property by virtue of a sale under a chattel mortgage. It is claimed by appellees that they were about to commence a replevin suit for this property, and it was agreed between the appellants and appellees, through their attorney, Cummings, that it should remain with Cummings, but be treated as being in the possession of Wineteer, and if the finding should be in his favor it should be turned over to him without further controversy. Wineteer denies that any such agreement was made. Appellees claim that Mrs. Simonson received from her brother a note and mortgage for $310, which she transferred to Wineteer, in consideration for which he discharged all their indebtedness to him. This he claims was transferred to him simply for collection, and not in satisfaction of their indebtedness. It is contended by appellants that no demand of them for the property was made before the commencement of this suit, and by appellees there was. Upon each of these questions there was a conflict in the evidence.

The jury found on each, that the weight of the evidence was with the appellees. It is a well-settled rule of this, and the Supreme Court, that the verdict of a jury will not be disturbed where there is a sharp conflict in the evidence,

when it does not appear from the record that the jury was influenced by passion, prejudice or partiality.

Appellants are estopped from denying the property was in their possession when the demand was made and writ of replevin issued, by the agreement with appellees to consider and treat the property as in Wineteer's actual possession for the purpose of testing his right to it. Gaff v. Harding, 66 Ill. 61.

As counsel for appellants have seen fit to omit from their abstract all the instructions given for appellants, we think we are justified in not discussing the instructions appearing in the abstract, complained of. Chapman v. Chapman, 129 Ill. 386; 27 Ill. App. 487; Fisher v. Cook, 23 Ill. App. 621.

The judgment of the Circuit Court is affirmed.