[No. 6732.]

### FERRIS ET AL. V. CHAMBERS ET AL.

1. CHATTEL MORTGAGE—*Extension*—The period prescribed by the phrase "within thirty days after the maturity of the last installment of the indebtedness" in Sec. 520 Rev. Stat., begins with the day succeeding the day of maturity. An extension granted on the day of maturity is premature. A purchaser of the mortgaged chattels from the mortgagor, after the lapse of thirty days from the maturity of the mortgage indebtedness, takes free of the lien of the mortgage, notwithstanding such attempted extension—(370, 371).

2. STATUTES—*Construction*—Every statute must be read as a whole, and its meaning gathered from all its parts—(370).

An attempt to extend, pursuant to the statute, the right given by statute in mortgaged chattels remaining in possession of the mortgagor, must strictly pursue the statute—(372).

3. WORDS AND PHRASES—"After the maturity of the last installment" of a debt, prescribes a period beginning with the day following that on which the debt matures—(370).

*Error to Denver District Court*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. WALTER E. WHITE and Mr. OMAR E. GARWOOD for plaintiffs in error.

Mr. CLAY B. WHITFORD and Mr. HENRY E. MAY for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The question presented by this review is, whether or not, under Section 520 Revised Statutes, the filing of a sworn statement on the date of the maturity of the indebtedness, secured by a chattel mortgage, will operate as an extension of the lien, as against a purchaser who buys the mortgaged property more than thirty days after the maturity of the indebtedness. The part of the section which requires notice is as follows:

"The lien of any chattel mortgage given to secure the payment of any indebtedness, which has been duly admitted to record as provided by law, may, at any time within thirty days after the maturity of the last installment of the indebtedness secured thereby, be extended for the unpaid portion of such indebtedness, by the mortgagee or his assignee filing with the county clerk of the county wherein the mortgage is recorded or filed, a sworn statement showing:

First—The total payments that have been made on the debt, and the amount of the debt which remains unpaid.

Second—That it is still due the mortgagee or his assignee, and that the said mortgagee or his assignee consents to extend the said mortgage for some period not exceeding two years. And, thereupon, the lien of the mortgage shall be extended for such designated period."

The plaintiffs in error contend that the expression "at any time within thirty days after the maturity of the last installment of the indebtedness secured thereby" marks a limit beyond which the statement cannot be filed so as to be operative, and does not fix the first point of time at which the statement may be filed, and cite in support of this position; *French v. Powell*, 135 Cal. 636; *Atherton v. Corliss*, 101 Mass. 40; *Levert v. Read*, 54 Ala. 529; *Young v. The Orpheus*, 119 Mass. 179; *Davis v. Miller*, 130 U. S. 284; *Orcutt v. Moore*, 134 Mass. 48. Others might be cited to the same effect. On the other hand, the defendants in error contend that the statement must be filed within thirty days next after the maturity of the indebtedness, and cite authorities which are based upon statutes that require things to be done within thirty days "next preceding" a certain event. Obviously, these latter authorities are not in point here, for there is a difference between the expression "within thirty days after" a certain event and the

expression "within thirty days next preceding" a certain event. If there was nothing in our statutes but the expression "at any time within thirty days after the maturity," etc., to indicate when the statement might be filed, there would be no escape from the contention of the plaintiffs in error, and the logic of the authorities cited by them. The section of the statute, however, must be read as a whole, and its intent gathered from all its provisions. The expression "within thirty days after the maturity" may mean before or not beyond thirty days after maturity, if the statute does not contain any provision that is inconsistent with such meaning, or it may mean within the thirty days after maturity if there are other things in the statute that indicate that that was the legislative intent.

The statement that may be filed must show the total payments that have been made on the debt and the amount of the debt which remains unpaid. Payments are usually made at maturity and not before, and when payments are spoken of, the mind recurs to the time when they ought to have been made, if it recurs to time at all. The requiring of a statement that a debt is unpaid seems naturally to refer to a time after it ought to have been paid; that is, after maturity, for before maturity one does not think of a debt other than as being unpaid. So that the legislature must have had in mind the time after a payment ought to have been made. The requirement that the statement shall show that the unpaid portion of the indebtedness is still due the mortgagee or his assignee, seems also to refer to a time subsequent to the maturity of the debt, using "due" in the sense that the debt was justly subsisting or outstanding. The words "still due" refer to a time subsequent to a time when the debt was known or taken to be due. Before maturity a debt is taken to be due to the mortgagee or his assignee, and it is only after

maturity that the question whether it is "still due" will arise.

Again, the object of the statement is to apprise the public of the condition of the indebtedness. Up to the time of maturity they are presumed to know that the debt is unpaid and outstanding. From the face of the recorded mortgage it is to be presumed that a change will take place at maturity, and 'that that change will be the extinguishment of the debt. If it is not extinguished at maturity the public can not presume that it is outstanding thereafter. The object of the statement is to make known the condition after the time it ought to have been paid, for before that time the mortgage itself makes the condition known. The statute gives the mortgagee or his assignee the right to file the statement and extend the lien. What necessity is there for the mortgagee to extend the lien before his first one has ripened when section 518 Rev. Stat., which was in effect when section 520 was passed, preserves the lien for thirty days after maturity without taking possession? The fact that the debt will not be paid at maturity, thus showing the probable necessity for an extension or taking possession, cannot be known until after maturity. The inevitable conclusion from all the foregoing considerations is that the legislature had in mind the thirty days after maturity for the filing of the statement. This being so, the statement in this case was prematurely filed, for the period after maturity did not commence until the beginning of the next day.

In *Biteler v. Baldwin,* 42 O. St. 125, under a statute that provided that in order to preserve the lien of a chattel mortgage beyond the first year, a statement and copy should be filed within thirty days next preceding the expiration of the year, the filing of a copy and statement, before the commencement of the thirty days, was held insufficient. In *Rice v. Kahn,* 70 Wis.

327, under a statute providing that an affidavit in renewal of a mortgage should be filed within thirty days next preceding the expiration of two years, it was held that an affidavit filed more than thirty days before the expiration of two years was insufficient. In Jones on Chattel Mortgages, (5th ed.) § 287, and also in Boone on Mortgages, § 250, it is said that a refiling of the mortgage is nugatory if done either before or after the time limited for that purpose. Provisions of a statute, rendering a chattel mortgage effective, even though the mortgagor retains possession of the property, are statutory, and if the statute prescribes that, in order to preserve the lien of a mortgage with the property in possession of the mortgagor, something shall be done, that thing must be done as prescribed by the statute. *Burchinell v. Gorsline,* 11 Colo. App. 22.

As it has been found that the sworn statement necessary to preserve the lien must be filed within the thirty days next after maturity, the statute in this case was not followed, and as a consequence the lien of the mortgage was not preserved as against a subsequent purchaser, who purchased after the expiration of the thirty days allowed by section 518 within which to take possession. It is not necessary to say what the rights of the purchaser would have been had the purchase been made within the thirty days and no possession taken, for that fact is not in this case.

Inasmuch as the District Court reached the same conclusion, its judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HILL and Mr. JUSTICE GARRIGUES concur.