## Eaton State Bank, Appellee, v. Andrew Flesher and First National Bank of Moweaqua, Appellants.

### Gen. No. 8,028.

1. CHATTEL MORTGAGES—*when not affected by error in recording.*
After a mortgagee has complied with all the requirements of the Chattel Mortgage Law preliminary to filing and has left his mortgage with the recorder to file, even though the recorder fails to correctly record it, from that date it will be considered of record to protect mortgagee's lien under Cahill's St. ch. 95, ¶ 4.

2. CHATTEL MORTGAGES—*when not invalidated by erroneous record.*
The mistake of a recorder in writing in the date, instead of the due date of a note, when he recorded a chattel mortgage, will not prevent the chattel mortgage as thus recorded from being a valid lien against the claim of a judgment creditor of the mortgagor.

Appeal by defendants from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 28, 1927.

HOGAN & REESE and S. S. CLAPPER, for appellants.

W. B. McBRIDE, for appellee.

MR. PRESIDING JUSTICE CROW delivered the opinion of the court.

Suit in replevin was begun by appellee to recover from Flesher as sheriff certain property seized by him under an execution upon a judgment against T. F. Curry. Declaration was in the *cepit* and *detinet* with a count in trover. Pleas were filed denying the taking and the detention. A special plea was filed averring that a judgment was rendered in favor of the First National Bank of Moweaqua and against T. F. Curry for the sum of $1,686.85, and for costs and that an execution was issued upon said judgment and delivered to the defendant Andrew Flesher as sheriff

and that by virtue thereof he levied upon the property
described in the affidavit and writ of replevin, and that
it was the property of Curry and not of Eaton State
Bank.   Upon a trial before the court without a jury,
the court found the issues for the plaintiff in trover
upon a stipulation of facts, and assessed the plaintiff's
damages at $1,486.47, and for costs against defendant
First National Bank, and defendants appealed to this
court.

Whatever interest plaintiff had in the property
seized by the sheriff was derived through a chattel
mortgage executed by Curry with due formality.   It
is not contended that fraud in fact or as a matter of
law affects the rights of the parties.   The chattel mort-
gage conveying to plaintiff the property in controver-
sy was made to secure two notes payable to it.   Both
notes were for the sum of $1,366 and both dated Feb-
ruary 28, 1925, the date of the mortgage.   One of the
notes was due and payable on August 28, 1925, and the
other was due and payable by its terms February 28,
1926.   The chattel mortgage, duly executed and ac-
knowledged, recited that the notes bore date and
matured as above stated.   The mortgage bore date
February 28 and was acknowledged before a justice of
the peace March 4.   It was filed for record in the re-
corder's office March 7, 1925.   As recorded, the second
note is described as being due February 28, 1925.

The title of plaintiff (appellee) resting upon the
chattel mortgage, the second note due under it being
erroneously described of record as being due Febru-
ary 28, *1925,* instead of *1926,* shall it fail through the
negligence or misprision of the recorder?   That is the
only question presented by the record in this case.

An examination of the Chattel Mortgage Act dis-
closes that such mortgages require for validity and
legal effect certain acts to be done by the parties to the
transaction.   By section 1 [Cahill's St. ch. 95, ¶ 1]

such mortgage shall be invalid as against the rights and interests of third persons unless possession shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor and the instrument is recorded and acknowledged as in the act directed; "and every such instrument shall, for the purposes of this Act, be deemed a chattel mortgage." Section 2 [Cahill's St. ch. 95, ¶ 2] requires such instrument to be acknowledged before a justice of the peace of the county in which the mortgagor resides, or before certain other officers specified; and that the acknowledgment may be made either by the mortgagor or a person duly authorized by the mortgagor to act as his attorney in fact. The form of certificate of acknowledgment is prescribed, and in this case was followed, and the proper entry of acknowledgment made in the justice's docket. By section 4 [Cahill's St. ch. 95, ¶ 4]: "Such mortgage   *   *   *   or other conveyance of personal property acknowledged as provided in this Act shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time when the instrument is executed and recorded," and shall, thereupon, if *bona fide,* be good and valid from the time it is filed for record until 90 days after the maturity of the entire debt or obligation, or the extension thereof as provided by the act, with provisions for extending the maturity of the mortgage by compliance with the requirements by the mortgagor and mortgagee. Sections 8, 9, and 10 [Cahill's St. ch. 95, ¶¶ 9, 10 and 11] provide for release of such mortgages by steps to be taken by the parties to the mortgage, with penalties for failure to comply with the requirements for release.

If the rights of the respective parties to this transaction are governed by their conduct, and if their conduct was in harmony with the law regulating it,

there can be no basis for the contention that the recorder's misconduct affected their rights in any way. To render the mortgage valid as against third parties, the mortgagor was required to and did sign and acknowledge it before a justice of the peace. He complied with these requirements. The justice made the certificate of acknowledgment in due form and made the entry without error on his docket. It was delivered to the mortgagee who delivered it to the recorder for record. By that act it became and was filed and was from that time effectual as a chattel mortgage. That was the result of the conduct of the parties to the transaction because the statute so declares. The entire transaction is statutory and the mortgagee and mortgagor complied with it in every particular.

While the statute declares the lien of the mortgage shall be effectual from the date of its filing, and the recorder is required to record it, yet when the mortgagee has complied with the statute so far as lies in his power, the mortgage is regarded as recorded from the time it was deposited for that purpose. The mortgage is not affected by the errors or misprisions of the recording officer. 11 C. J. 534, § 224. To the last proposition decisions from several States are cited, including *Pease v. Fish Furniture Co.,* 176 Ill. 220; *Jesse French Piano & Organ Co. v. Meehan,* 84 Ill. App. 262; *Hamilton v. Seegar,* 75 Ill. App. 599; *Wolf v. Hunter,* 10 Ill. App. 32.

In the notes to the section *supra* are many illustrations of the application of the rule that the mortgagee is not to be prejudiced by the mistake of the recording officer. The cases cited so far as accessible have been examined and support appellee's contention here. *Pease v. Fish Furniture Co.,* 176 Ill. 223, decided in 1898, sufficiently illustrates the reason for the rule. In that case the error occurred in the action of the justice of the peace taking the acknowledgment and making

the entry in his docket. The entry was erroneous as to the name of the mortgagee, the amount of the indebtedness, and the description of the property mortgaged. An execution creditor, as in this case, was attacking the title of the mortgagee. After discussing the object of the Chattel Mortgage Act and the purpose and effect of requiring the acknowledgment before an entry by the justice in his docket, it is said:

"The mortgages were drawn in proper form, duly acknowledged as required by statute and placed on record, and the mere fact that the justice failed to make a proper entry on his docket could not invalidate the mortgages. The mortgagee has no control over the justice in regard to the entry to be made on his docket, and should not be made to suffer on account of his incompetency or mistakes. This court has held in at least three cases, (*Cook v. Hall,* 1 Gilm. 575, *Merrick v. Wallace,* 19 Ill. 486, and *Nattinger v. Ware,* 41 id. 245) that the failure of the recorder of deeds properly to record a deed will not invadidate the title of the grantee who has done all that is required of him by law in leaving the deed for record. The principle decided in those cases applies here. The mortgagee did all that could be required on its part, and it should not be prejudiced by the mere failure of the justice of the peace to make a proper entry on his docket."

Other cases cited by counsel for appellee, with that quoted, support the rule. A very pertinent statement of the reasons for the rule is contained in note 9 (a) 11 C. J. 535:

"The neglect of clerical duties by the recorder * * * does not affect the mortgagee. These are matters over which he has no control. * * * The clerk is not his agent or servant for whose negligence he is responsible, but he is the officer designated by law to perform the duties of receiving, filing and re-

cording the instrument. It would be a harsh rule to punish an individual, who in the prosecution of a right, has done everything that the law required him to do, for omission by a public officer to comply with forms prescribed to him as his duty." *Case & Co. v. Hargadine*, 43 Ark. 144, 148.

The propositions of law supporting the judgment as held by the circuit judge trying the case are in harmony with the principles we hold to be applicable to the facts and the judgment is therefore affirmed.

*Affirmed.*