McKesson–Fuller–Morrisson Company, Appellee, v. Chapell Ice Cream Company, Inc., Appellant.

Gen. No. 38,376.

Opinion filed May 26, 1936. Rehearing denied and additional opinion filed June 12, 1936.

I. J. BERKSON, of Chicago, for appellant; EUGENE A. WEINBERG, of Chicago, of counsel.

SIEBEL & SIEBEL, of Chicago, for appellee; A. F. W. SIEBEL and ARTHUR F. SIEBEL, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff sued defendant in trover for the conversion of certain personal property. The trial court found defendant guilty of conversion upon the pleadings, then tried the issue of damages, and assessed the value of the fixtures at the time of the conversion at $1,350. From a judgment for that amount defendant appeals.

Both sides concede that the questions before us arise out of the pleadings. The trial court ruled that the only question of fact under the pleadings was the fair market value of the fixtures sold by defendant. Plaintiff's amended complaint alleges that on August 26, 1932, one J. H. Power gave it a chattel mortgage for $5,200, which covered certain drug store

fixtures; that the mortgage was given to secure 26 chattel mortgage notes for the aggregate sum of $5,200, executed the same day, each note being for the sum of $200, the first due on September 26, 1932, "and each of said series of notes maturing thereafter consecutively on the 26th day of each month thereafter until paid"; that on July 24, 1934, Power was in default in payments and plaintiff declared the entire balance, $5,212.72, due; that on August 24, 1934, defendant unlawfully took possession of the chattels and converted them to its own use. Defendant's amended answer alleges that said Power gave defendant a chattel mortgage, on May 14, 1931, covering the same fixtures, which matured on May 14, 1934; that on May 9, 1934, defendant executed an affidavit of extension and recorded it on May 10, 1934; that on July 23, 1934, Power filed his voluntary petition in bankruptcy in the United States District Court for this District; that on July 24, 1934, defendant, without actual knowledge of the bankruptcy proceedings, took possession of the chattels, under its chattel mortgage, and instituted chattel mortgage foreclosure proceedings by posting and serving notices, which fixed July 27, 1934, as the date of sale of the chattels; that on July 27, 1934, before the sale could take place, the District Court appointed a receiver of all of the assets of Power and issued an order restraining defendant from proceeding with the sale, and directing that all of the goods, chattels and other assets of the estate of Power be turned over to the receiver; that the receiver then took actual possession of the chattels; that thereafter defendant presented its reclamation petition to the District Court, and on August 24, 1934, that court entered an order dissolving the restraining order and directing the receiver to disclaim any and all further interest in the property; that on the same day, after the entry of that order, defendant took possession of the chattels, foreclosed under its chattel mortgage,

and sold the chattels for $1,950 on August 27, 1934. The amended answer further alleges that plaintiff had actual knowledge of the existence and maintenance of defendant's chattel mortgage prior to the time when it took its junior mortgage from Power, and that plaintiff had actual notice and knowledge of the date, time and place of the chattel mortgage sale on August 27, 1934.

The trial court sustained plaintiff's contention that under the statute an affidavit for extension of a chattel mortgage must be filed for record after the maturity of the mortgage, and that an extension affidavit executed and filed before the maturity of the debt is *a nullity* and does not extend the lien. Defendant contends that the court erred in this ruling, and argues that "an affidavit for extension of a chattel mortgage is effective as against junior mortgagees when filed for record before the maturity of the prior mortgage."

Sec. 4, par. 4, ch. 95, Ill. State Bar Stats. 1935, provides:

"No mortgage . . . of personal property . . . shall be valid as against the creditors of the mortgagor, even though admitted to record . . . unless it shall be deposited for filing or recording . . . within ten days of its execution, and any such mortgage . . . not deposited . . . within ten days . . . shall be fraudulent and void as to such creditors. *Such mortgage . . . shall thereupon . . . be good and valid from the time it is received for filing or recording until ninety days after the maturity of the entire debt or obligation* or until ninety days after an extension of the time of payment thereof made as hereinafter provided: *Provided,* that such maturity shall not exceed three years from the receipt of such instrument for filing or recording *unless within ninety days after the expiration of said three years,* or if the debt or obligation matures within such three years, then *within ninety days after the maturity of said debt or obliga-*

*tion,* the mortgagor and mortgagee, his, her, its or their agent or agents . . . shall deposit for filing or recording in the office of the recorder of deeds . . . an affidavit setting forth particularly the interest which the mortgagee has by virtue of such mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same shall become due by extension or otherwise, which affidavit shall be recorded or filed . . . and thereupon the mortgage lien originally acquired shall be continued and extended until ninety days after the expiration of such period of extension of the time of payment: *Provided,* such extension of the time of payment shall not exceed one year from the receipt of such affidavit.''

Our Supreme Court has frequently stated that the statute relating to chattel mortgages is in derogation of the common law and must be strictly construed.

''The time within which a chattel mortgage must be refiled or renewed is fixed by the statutory provision requiring such refiling or renewal. Such provisions must be strictly complied with. Where a certain period, such as thirty days, is given within which to refile a mortgage, any effort to renew the record before the period commences is ineffectual, and it has been held that refiling after the period has elapsed is likewise of no avail, and that no revival of the mortgage is possible after a default in refiling.'' (11 C. J. 545, sec. 237.)

''A refiling of a mortgage must be effected within the time limited for that purpose. It is nugatory if done either before or after that time. . . . If the refiling be not done in strict compliance with the statute, the mortgage becomes void as against creditors and bona fide purchasers and mortgagees, and cannot be revived. . . . A refiling is necessary although such purchasers and creditors have knowledge that the

mortgage has not been fully discharged and satisfied.'' (Bowers Ed. of Jones on Chat. Mtgs. (1933), Sec. 287.)

In *Ferris v. Chambers*, 51 Colo. 368, the court held that an attempt to extend, pursuant to the statute, the right given by it in mortgaged chattels remaining in possession of the mortgagor, must strictly pursue the statute, and that the period prescribed by the phrase ''within thirty days after the maturity of the last installment of the indebtedness'' in sec. 520 Rev. Stat. of Colorado, begins with the day succeeding the day of maturity; that an extension granted on the day of maturity is premature, and a purchaser of the mortgaged chattels from the mortgagor, after the lapse of 30 days from the maturity of the mortgage indebtedness, takes free of the lien of the mortgage, notwithstanding such attempted extension.

In another Colorado case, *First Nat. Bank of Las Animas v. O'Connell*, 77 Colo. 275, the court held that the attempted extension of a chattel mortgage before the maturity of the mortgage indebtedness is premature and without effect under the statute. In its opinion the court said (p. 277):

''It is clear that there was no extension of the chattel mortgage. The attempted extension was premature, and the lien of the mortgage, as to third persons, ceased to exist after the lapse of thirty days from the maturity of the note secured by the mortgage. *Ferris v. Chambers*, 51 Colo. 368, 117 Pac. 994.

''There was, 'therefore, at the date of the sale at which defendant purchased the property, no lien by virtue of the chattel mortgage, so far as the record thereof gave notice, on any of the property purchased by him, which affected him, although the mortgage was good as between the original parties.

''The plaintiff's contention that defendant had actual notice of the existence of the mortgage at the time he purchased at the sale, and therefore he is not an innocent purchaser, cannot be sustained.

"In the circumstances of this case the defendant did not, and could not, have actual notice of a valid and existing mortgage, but could only have had actual notice of a mortgage which as to him had become void, and as to him was void at the time of the sale."

In *Biteler v. Baldwin*, 42 Ohio St. 125, the law of Ohio required a refiling within 30 days immediately preceding the maturity of the debt. The court held that a refiling before the commencement of the 30 days was unavailing. (See also *National Bank of the Metropolis v. Sprague*, 20 N. J. Eq. 13, 27; *Bower v. Popp*, 241 Ill. App. 568, 574; *In re Smith*, 198 Fed. 876, 877.) None of the five cases cited by defendant (*Cary-Lombard Lumber Co. v. Fullenwider*, 150 Ill. 629; *Hamilton v. Seeger*, 75 Ill. App. 599; *Fuller v. Smith*, 71 Ill. App. 576; *Davies v. Miller*, 130 U. S. 284; *French v. Powell*, 135 Cal. 636) supports its contention. It seems plain to us, from a reading of the statute, that the trial court ruled correctly in holding that the extension affidavit executed and filed before the maturity of the debt was not in compliance with the statute. Defendant filed no affidavit of extension after the maturity of the debt: had it done so a different question would have been presented.

The act provides that a chattel mortgage shall be good and valid from the time it is filed for record until 90 days after the maturity of the entire debt or obligation. Defendant contends that if it be held that the trial court did not err in sustaining plaintiff's position that the affidavit for extension was invalid and *a nullity*, nevertheless, the time in which the injunction was in force and the chattels were in the possession of the receiver is not to be included in computing the 90 days fixed by the statute in which the chattel mortgage shall be good and valid; that the rights of defendant, under the act, were the same on the day that the District Court dissolved the injunction and surrendered possession of the chattels as they were on the day that court assumed exclusive

jurisdiction of the chattels, and that, therefore, the foreclosure proceedings brought by defendant on August 24, 1934, and the sale held thereunder on August 27, 1934, were, in contemplation of the law, within the 90-day period and therefore valid. When the injunctional order was entered and the receiver took possession of the chattels, the bankruptcy court had exclusive jurisdiction of the chattels and it was impossible for defendant to obtain possession of them and to foreclose while that order remained in force. Defendant instituted foreclosure proceedings on July 24, 1934, which was 71 days after the maturity of the indebtedness, and but for the injunctional order the sale would have taken place on July 27, 1934, and defendant would then have perfected its title within the 90-day period. The amended answer alleges that plaintiff, at the time it took its mortgage, not only had constructive knowledge, but actual knowledge, that there was on record a valid chattel mortgage in which defendant was the mortgagee. It is clear that the equities are all with defendant, and the present contention should be sustained, unless settled law precludes us from so holding.

It is somewhat surprising that neither side is able to cite a case directly in point. Plaintiff fails to meet the issue raised by the contention. In answer to the contention it merely repeats its argument that defendant's chattel mortgage was invalid and a *nullity* because it was not extended in accordance with the requirements of the statute and that the bankruptcy proceedings did not obviate the necessity of such extension, and it cites cases that support its argument but that do not apply to the instant contention of defendant, which assumes that the affidavit of extension was invalid and a nullity. Defendant cites *In re Grosse,* 24 F. (2d) 305, and *In re Lake County Fuel & Supply Co.,* 70 F. (2d) 391. In the first case, after the maturity of the chattel mortgage debt, but within the 90-day period, the mortgagor filed his voluntary petition

in bankruptcy. After the 90-day period had passed the mortgagee intervened in the bankruptcy proceedings to assert his rights under the chattel mortgage. The court held that the rights of the mortgagee had been fixed as of the date of the filing of the bankruptcy petition and the appointment of the trustee. It is true, as plaintiff argues, that in that case the parties stipulated, and the referee ordered, that the sale of the chattels proceed under the direction of the trustee and that the latter hold the proceeds without prejudice to the rights of either party. In the second case cited by defendant a creditor had secured a judgment without procuring the issuance of an execution within a year after the entry of the judgment. An involuntary petition in bankruptcy was filed against the debtor more than one year after the date of the judgment, and without applying for the issuance of an execution on his judgment the judgment creditor intervened in the bankruptcy court and claimed a lien on the bankrupt's real estate under the Illinois statute, which makes a judgment a lien on real estate for one year if no execution is issued. In its opinion the court said:

"Assuming, as we do, that a court of bankruptcy has exclusive jurisdiction of the estate of the bankrupt and its administration and that such jurisdiction begins with the filing of the petition of creditors for an adjudication and such filing is a *caveat* to all the world, it necessarily follows that the issuance of an execution upon an outstanding judgment which is a lien upon the real estate of the bankrupt, in order to keep such judgment lien alive after the petition is filed in the court of bankruptcy, is either a futile, an idle gesture, ceremonial in character, or an indirect assault upon the exclusive jurisdiction of the court of bankruptcy. A judgment creditor need do neither to preserve his lien, which was in effect when the petition in bankruptcy was filed."

It seems to us that it would be a serious reflection upon our procedure if the rights given defendant by

the statute could be taken away from it by the action of the District Court. Justice, as well as common sense, forbids such an interpretation of the law. We hold that the instant contention of defendant is a meritorious one and that defendant, at the time of the sale on August 27, 1934, had a valid lien upon the chattels in question, which was paramount to plaintiff's lien. If we are right in this conclusion it follows that the trial court erred in finding defendant guilty of conversion, upon the pleadings.

Defendant strenuously contends that "the holder of a junior chattel mortgage with full knowledge of the existence of a prior chattel mortgage is estopped to question its validity," but we do not deem it necessary to pass upon this contention.

The judgment of the circuit court of Cook county is reversed, and judgment will be entered here for defendant for costs.

*Judgment reversed and judgment here for defendant for costs.*

SULLIVAN and FRIEND, JJ., concur.

ADDITIONAL OPINION UPON PETITION FOR REHEARING.

Plaintiff in its petition for a rehearing states that "neither the bankruptcy Act nor the restraining order issued prohibited defendant from suing"; that "no 'action' was enjoined"; and that "in this case no suit was commenced" by defendant.

It was not necessary for defendant to foreclose in a court of record. On July 24, 1934, defendant took possession of the chattels and proceeded, under sec. 2, par. 28 of the Mortgages Act. Just before the time fixed for the sale the order of the United States District Court restrained defendant from proceeding with the sale and directed that all of the chattels be turned over to the receiver of that court, and thereupon the receiver took actual possession of the chattels. When the United States District Court entered the order dis-

solving the restraining order it did not direct the receiver to turn back the property to the defendant, but ordered him to disclaim any and all further interest in the property. The defendant was compelled to again take possession of the chattels and to again foreclose under section 2. But for the injunctional order the sale would have taken place on July 27, 1934, and defendant would then have perfected its title within the 90-day period. We adhere to the conclusion we reached in our opinion, that the rights of defendant, under the act, were the same on the day that the United States District Court dissolved the injunction and the receiver disclaimed all interest in the chattels, as they were on the day that court assumed exclusive jurisdiction of the chattels, and that the foreclosure proceedings brought by defendant on August 24, 1934, and the sale held thereunder on August 27, 1934, were, in contemplation of the law, within the 90-day period and therefore valid.

Plaintiff's petition for a rehearing is denied.

*Petition for rehearing denied.*

SULLIVAN and FRIEND, JJ., concur.